MARC J. WINTHROP -- State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER -- State Bar No. 166316
ghollander@winthropcouchot.com
**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste. 400
Newport Beach, CA 92660

Telephone: (949) 720-4100
Facsimile: (949) 720-4111

General Insolvency Counsel for
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>☐ STARRIBS NORTH, LP<br>☐ STARRIBS SOUTH, LP<br>☐ WHITTOWN PARTNERS, LP<br>☐ OCEANCOUNTRY, LP<br>☐ BLUEOCEAN PARTNERS, LP<br>☐ STONERIVER PARTNERS, LP<br>☐ SOWESTBRECK, LLC<br><br>☒ All Debtors<br><br>Debtors and<br>Debtors-in Possession. | Case No. 8:08-17182 TA<br><br>Jointly Administered with Case Nos.<br>8:08-17183 TA; 8:08-17187 TA;<br>8:08-17193 TA; 8:08-17194 TA;<br>8:09-13275 TA; and 8:09-13590 TA<br><br>Chapter 11 Proceedings<br><br>**DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY WEILAND, GOLDEN, SMILEY, WANG EKVALL & STROK, LLP AS THEIR SPECIAL REAL ESTATE COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

StarRibs North, LP ("StarRibs North"); StarRibs South LP ("StarRibs South"); WhitTown Partners, LP, OceanCounty, LP, BlueOcean Partners, LP, StoneRiver Partners, LP, and SoWestBreck, LLC, and any other affiliated debtors that may subsequently file voluntary petitions, debtors and debtors-in-possession herein (collectively, "Debtors"), hereby move this Court for an order authorizing them to employ Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP (the "Firm") as their special real estate counsel. This Application is made and based upon the attached Memorandum of Points and Authorities and the Declaration of Kraig C. Kilger (the "Declaration") and upon any additional evidence, both oral and documentary that may be presented to the Court at or before the time of the hearing on this Application should a hearing be held on this Application.

In support of this Application, the Debtors respectfully represent as follows:

1.      On November 6, 2008, April 17, 2009 and April 23, 2009, each of the Debtors filed its emergency voluntary petition under Chapter 11 of the Bankruptcy Code. Since the respective petition dates, the Debtors have managed their affairs pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      As of November 6, 2008, the Debtors were among approximately 209 affiliated entities controlled by John Gantes, approximately 50 of which owned and operated approximately 110 restaurants throughout California, Washington, and Oregon, and 60 entities of which owned and operated various real properties from which many of the restaurants lease space. The Debtors own and operate six (6) franchised Famous Dave's restaurants and eleven (11) franchised Carino's Italian Grill restaurants.

3.      The Debtors require the Firm to represent them in these Chapter 11 cases. The Debtors seeks to employ the Firm as their special real estate counsel, effective as of August 18, 2009, in accordance with the terms of this Application.

4.      The Firm is a boutique law firm specializing in insolvency, reorganization bankruptcy law and real estate law. The Firm is well qualified to represent the Debtors with matters of this nature.

5.      One of the pressing issues that the Debtors must resolve in the immediate future is the renegotiation of certain of their real estate leases. The Debtors operate their restaurants from

facilities located throughout California, the occupancy costs for which are based on a combination of ground leases, building leases, and loans on buildings purchased by the Debtors.

Prior to the Petition Date, the Debtors were making payments to affiliate landlords for rent in excess of market rates to facilitate the affiliate landlords' ability to service the debt owed by the affiliates to their secured creditors, which debt secured the property owned by the affiliate and used and leased by the Debtors. The Debtors have been paying, from the outset of these bankruptcies, what they believed were market lease rates – rather than the inflated lease rates (which were based on affiliates' real property debt service) as provided for in the contract.

In some cases, based on the affiliate landlord's inability to service its debt, the affiliate's secured creditor commenced proceedings to foreclose upon the underlying property used by the Debtors. Recognizing the importance of these leases, knowing that these secured creditors were taking control over the property used by the Debtors, and being concerned that a foreclosure would wipe out the Debtors' leasehold interests (resulting in the loss of rights to operate restaurants), which would prevent, if not substantially impair, the Debtors' ability to reorganize, the Debtors have been actively negotiating with certain secured creditors of certain of the Debtors' affiliates' market leases (with attornment provisions to ensure that the Debtors' interests in the leases would not be extinguished in a foreclosure).

6.      The Debtors require the Firm to assist the Debtors with the following real estate issues:

   a.      The negotiation and documentation of a sublease between StarRibs North and Breckenridge Group, Inc. ("BGI") for the Famous Dave's restaurant located at 3170 North Naglee Road, Tracy, California 95304. Tracy Mall Partners, as the fee owner, leases the real property used by StarRibs North to BGI, as the ground lessee. StarRibs North has no written agreement with BGI and therefore it has been operating, in effect, as a subtenant of BGI. BGI's lender, Farmers & Merchants Bank ("F&M"), is foreclosing on BGI's ground leasehold interest and desires to have in place a written sublease with Star Ribs North that will survive foreclosure. Since BGI has no use for this lease and StarRibs North does, StarRibs North has been negotiating the sublease with F&M with BGI's cooperation;

  b. The negotiation and documentation of a lease between StarRibs South and Sovereign Bank for the Famous Dave's restaurant located at 1229 Simi Town Center, Simi Valley, California 93065. Sovereign Bank has foreclosed on the underlying real property used by StarRibs South to operate this restaurant and therefore, any leasehold interest that StarRibs South had was wiped out. Therefore, StarRibs South need to and has been negotiating with Sovereign Bank for a new lease; and

  c. Perform such other real estate-related legal services as the Debtors may require of the Firm in connection with their Chapter 11 cases.

7. None of the services that the Firm will render in connection with the Debtors' Chapter 11 cases will be duplicative of the services rendered by any of the other professionals of the Debtors employed in these Chapter 11 cases.

8. The Firm will render services to the Debtors at the Firm's regular hourly rates, which may be subject to adjustment in the future. The currently hourly rates are set forth in the Declaration.

9. The Firm is general insolvency counsel to RSM BFS Partners,[1] AH Foods Corporation, Benton King, LLC, Breckenridge Food Systems, Inc., DP Food Corporation, Kingland, LLC, LN Foods Corporation, MillBreck, L.P., Orbreck, LLC, RedBend Partners, L.P., River King, L.P., River King, LLC, RSM BFS Partners (collectively, the "RSM Debtors"), which are debtors and debtors-in-possession in Chapter 11 cases pending before this Court. Each of the RSM Debtors are affiliates of the Debtors. John D. Gantes indirectly manages and holds controlling interests in the Debtors and the RSM Debtors. In addition, Brian Weiss, the Debtors' Chief Restructuring Officer, also serves as the RSM Debtors' Chief Restructuring Officer. Except as described above, to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, have any connection with the Debtors, their accountants, nor do they have any connection with the Debtors' creditors or any other party-in-interest to these cases.

---

[1] Case No. 8:08-bk-17771-TA which is jointly administered with Case Nos. 8:08-bk-18155-TA, 8:08-bk-18154-TA, 8:08-bk-17777-TA, 8:08-bk-18141-TA, 8:08-bk-18150-TA, 8:08-bk-18153-TA, 8:08-bk-18148-TA, 8:08-bk-18151-TA, 8:08-bk-18147-TA, 8:08-bk-17774-TA, and 8:08-bk-17773-TA.

-4-

Furthermore, the Firm does not have an interest adverse to the Debtors or their estates (11 U.S.C. § 327(e)) in any matters which the Firm may handle.

10. The Honorable Theodor C. Albert ("Judge Albert"), the bankruptcy judge assigned to these cases, was a partner of the Firm from August 1, 1995 to May 31, 2005. While Judge Albert was a partner in the Firm, the Firm from time to time would represent him in his capacity as a bankruptcy trustee. The Firm currently represents Judge Albert's first cousin (and his related company) in various matters that are unrelated either to Judge Albert or the Debtors' bankruptcy cases.

11. Except as described above, none of the professionals comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee, or to any person employed by the U.S. Trustee.

12. As disclosed in the Declaration, the Firm did not request a retainer in connection with these cases. In addition, the Firm has agreed to cap its legal fees and costs for the services to be provided in paragraphs 6.a. and 6.b. above at $20,000.00. If additional services are required as provided in paragraph 6.c., the fees and costs may exceed $20,000.00. Both the Debtors and the Firm believe that the Firm's billing rates for professionals anticipated to work on this engagement range between $405.00 - $450.00 per hour. These rates are reasonable compensation for the actual and necessary services that the Firm will render post-petition to the Debtors and are commensurate with market.[2]

13. Based on the relatively small fees and costs that will be charged by the Firm in these cases, and in an effort to minimize administrative expenses in these cases, the Debtors seek from the Court final approval, without the need to file a fee application, of the Firm's fees and costs up to $20,000.00. The Debtors believe, in their business judgment, that the fees and costs incurred thus far are reasonable and necessary. The Firm recognizes that any additional fees or costs in excess of $20,000.00 will require Court approval, and if applicable, the Firm will seek such approval pursuant to the Bankruptcy Code.

---

[2] On February 25, 2009, this Court entered an order granting the application of RSM Debtors to employ the Firm as their general insolvency counsel at billing rates of between $190.00 - $540.00 per hour.

14. The Firm understands that, to the extent the Firm's compensation is not approved pursuant to this Application (i.e., without the need for filing a fee application), the Firm will apply to this Court for compensation and reimbursement for fees incurred and costs advanced in these cases, and that the proposed compensation arrangement will be subject to the provisions of 11 U.S.C. § 328, which authorizes this Court to allow compensation different from what is provided herein if the fee arrangement provided for herein appears, in retrospect, to have been improvident in light of developments unanticipated at the outset of these cases. The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount which is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtors such difference.

15. The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount which is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtors such difference.

16. The Firm has not shared or agreed to share any compensation to be received by it in these cases with any other person, except as among members of the Firm.

**WHEREFORE**, the Debtors pray that:

1. Authorizing the Debtors, based on the foregoing and pursuant to 11 U.S.C. §§ 327(e) and 328 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the Firm as their special real estate counsel, effective as of August 18, 2009, with compensation to be in accordance with the terms set forth herein;

2. The Firm's fee capped at $20,000 as described in the Application is approved on a final basis, without the need to file a fee application or otherwise seek further approval of such fee;

3. Authorizing the Debtors' employment of the Firm pursuant to the terms of this Application; and

1        4.    Granting such other and further relief as the Court deems just and appropriate.

2    Dated: September 16, 2009

**STARRIBS NORTH, LP**
**STARRIBS SOUTH, LP**
**WHITTOWN PARTNERS, LP**
**OCEANCOUNTRY, LP**
**BLUEOCEAN PARTNERS, LP**
**STONERIVER PARTNERS, LP**
**SOWESTBRECK, LLC**

By: /s/ *Brian Weiss*
    Brian Weiss
Its: Chief Restructuring Officer

**PRESENTED BY:**

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**

By: _____
    Marc J. Winthrop
    Garrick A. Hollander
General Insolvency Counsel
for Debtors and Debtors-in-Possession

1    4.    Granting such other and further relief as the Court deems just and appropriate.

2    Dated: September___, 2009

| | |
|---|---|
| | **STARRIBS NORTH, LP** |
| | **STARRIBS SOUTH, LP** |
| | **WHITTOWN PARTNERS, LP** |
| | **OCEANCOUNTRY, LP** |
| | **BLUEOCEAN PARTNERS, LP** |
| | **STONERIVER PARTNERS, LP** |
| | **SOWESTBRECK, LLC** |

By:_____
Brian Weiss
Its: Chief Restructuring Officer

**PRESENTED BY:**

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**

By: _____
Marc J. Winthrop
Garrick A. Hollander
General Insolvency Counsel
for Debtors and Debtors-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE BANKRUPTCY CODE AUTHORIZES THE DEBTORS TO EMPLOY PROFESSIONALS

The Debtors seek to employ the Firm as "special purpose" counsel, under Section 327(e), which provides:

> (e) The trustee[3], with the court's approval, may employ, **for a specified special purpose**, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if **such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.**

11 U.S.C. § 327(e) (emphasis added).

Employment of a special purpose attorney under Section 327(e) is distinguished from general employment under Section 327(a). A "special purpose" counsel is not required to be generally "disinterested" as required under §327(a). *See* In re Film Ventures Intern., Inc., 75 B.R. 250, 252 (9th Cir. BAP 1987) ("Section 327(e) contains less restrictive requirements than Section 327(a) which governs the employment of general counsel as there is no requirement of disinterestedness."); In re G & H Steel Service, Inc., 76 B.R. 508, 510 (Bankr. E.D.Pa. 1987).

Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") mandates that a professional seeking approval of its employment by the bankruptcy estate disclose "any proposed arrangement for compensation" and "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, [and] the United States trustee."

In these cases, the Firm has complied fully with the disclosure requirements set forth in the Bankruptcy Code and Bankruptcy Rules. By the Declaration, the Firm provides full and complete disclosure in order to demonstrate that it satisfies all requirements imposed by the Bankruptcy Code and Bankruptcy Rules for employment in these cases. Neither the Firm nor any attorneys

---

[3] Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performs all of the functions and duties of, a trustee in a Chapter 11 case. 11 U.S.C. § 1107(a).

who are members of the Firm hold any interest adverse to the Debtors or to the estates with respect to the matters on which the Firm is to be employed. Therefore, this Court may authorize the proposed employment of the Firm as the Debtors' special real estate counsel pursuant to Bankruptcy Code Section 327(e).

## II.
## THE COURT IS AUTHORIZED TO AWARD FINAL COMPENSATION TO THE FIRM

Section 330 of the Bankruptcy Code provides that a bankruptcy court may award to a professional person employed in a debtor's case "reasonable compensation" for "actual, necessary" services rendered by such professional person on the estate's behalf, based upon the time, nature, extent and value of such services, and the cost of comparable services rendered to a non-debtor party, and may allow reimbursement of the actual, necessary expenses expended by such professional person on behalf of the estate. The Ninth Circuit has held that, under this statutory standard, "[a] compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee." See, e.g., Burgess v. Klenske (In re Manoa Finance Company, Inc.), 853 F.2d 687, 691 (9th Cir. 1988) (citing Clark v. Los Angeles, 803 F.2d 987, 990 (9th Cir. 1986)). Here, as stated above, both the Debtors and the Firm believe that the capped fee of $20,000.00, which is based on the Firm's hourly rates and the anticipated number of hours to be spent by the Firm for the two identified leases that need to be renegotiated, is reasonable compensation for the actual and necessary services that the Firm will render post-petition to the Debtors and commensurate with market.

## III.
## NOTICE OF THE APPLICATION IS APPROPRIATE, AND NO FURTHER HEARING IN RESPECT OF THE APPLICATION IS REQUIRED, UNLESS SUCH HEARING IS ORDERED BY THIS COURT OR SPECIFICALLY REQUESTED BY A PARTY-IN-INTEREST

Notice of the relief requested by this Application has been provided to the Office of the United States Trustee ("U.S. Trustee") and Official Committee of Creditors Holding Unsecured

1 | Claims ("Committee"). The Committee and the U.S. Trustee have been afforded an opportunity
2 | to object to the Application and request a hearing on this Application, should they object to the
3 | relief requested hereby. Consequently, the Firm has complied fully with the Court's Local Rules.

## IV.

## CONCLUSION

Based upon the foregoing, the Debtors respectfully submit that good cause exists for this Court to authorize the Debtors to employ the Firm as their special real estate counsel during the Chapter 11 cases on the terms and conditions set forth herein.

DATED: September___, 2009

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By:_____
Marc J. Winthrop
Garrick A. Hollander
General Insolvency Counsel for Debtors and
Debtors-in-Possession

## DECLARATION OF KRAIG C. KILGER

I, Kraig C. Kilger, declare and state as follows:

1.  I am a partner of Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP (the "Firm"), and am authorized to and make this declaration on behalf of the Firm. I submit this declaration on behalf of the Firm in support of the application (the "Application")[4] of StarRibs North, LP; StarRibs South LP; WhitTown Partners, LP; StoneRiver Partners, LLP and SoWestBreck, LLC, and any other affiliated debtors that may subsequently file voluntary petitions, debtors and debtors-in-possession herein (collectively, "Debtors") in the above-captioned Chapter 11 cases, for an order authorizing the retention and employment of the Firm as special real estate counsel to the Debtors. I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto and state as follows.

2.  The Debtors require the Firm to represent them in these Chapter 11 cases. The Debtors seeks to employ the Firm as their special real estate counsel, effective as of August 18, 2009, in accordance with the terms of this Application.

3.  The Firm is a boutique law firm specializing in insolvency, reorganization bankruptcy law and real estate law. The Firm is well qualified to represent the Debtors with matters of this nature.

4.  The Debtors require the Firm to assist the Debtors with the following real estate issues:

   a.  The negotiation and documentation of a sublease between StarRibs North and Breckenridge Group, Inc. (BGI") for the Famous Dave's restaurant located at 3170 North Naglee Road, Tracy, California 95304. Tracy Mall Partners, as the fee owner, leases the real property used by StarRibs North to BGI, as the ground lessee. StarRibs North has no written agreement with BGI and therefore it has been operating, in effect, as a subtenant of BGI. BGI's lender, Farmers & Merchants Bank ("F&M"), is foreclosing on BGI's ground leasehold interest and desires to have in place a written sublease with Star Ribs North that

---

[4] Capitalized terms used herein but otherwise not defined shall have those meanings set forth in the Application.

1 will survive foreclosure. Since BGI has no use for this lease and StarRibs North does, StarRibs North has been negotiating the sublease with F&M with BGI's cooperation;

    b.    The negotiation and documentation of a lease between StarRibs South and Sovereign Bank for the Famous Dave's restaurant located at 1229 Simi Town Center, Simi Valley, California 93065. Sovereign Bank has foreclosed on the underlying real property used by StarRibs South to operate this restaurant and therefore, any leasehold interest that StarRibs South had was wiped out. Therefore, StarRibs South needs to and has been negotiating with Sovereign Bank for a new lease; and

    c.    Perform such other real estate-related legal services as the Debtors may require of the Firm in connection with their Chapter 11 cases.

5.    None of the services that the Firm will render in connection with the Debtors' Chapter 11 cases will be duplicative of the services rendered by any of the other professionals of the Debtors employed in these Chapter 11 cases.

6.    The Firm will render services to the Debtors at the Firm's regular hourly rates, which may be subject to adjustment in the future. The currently hourly rates are set forth in the Declaration.

7.    The Firm is general insolvency counsel to RSM BFS Partners,[5] AH Foods Corporation, Benton King, LLC, Breckenridge Food Systems, Inc., DP Food Corporation, Kingland, LLC, LN Foods Corporation, MillBreck, L.P., Orbreck, LLC, RedBend Partners, L.P., River King, L.P., River King, LLC, RSM BFS Partners (collectively, the "RSM Debtors"), which are debtors and debtors-in-possession in Chapter 11 cases pending before this Court. Each of the RSM Debtors are affiliates of the Debtors. John D. Gantes indirectly manages and holds controlling interests in the Debtors and the RSM Debtors. In addition, Brian Weiss, the Debtors' Chief Restructuring Officer, also serves as the RSM Debtors' Chief Restructuring Officer. Except as described above, to the best of the Firm's knowledge, neither the Firm, nor any of the attorneys comprising or employed by it, have any connection with the Debtors, their

---

[5] Case No. 8:08-bk-17771-TA which is jointly administered with Case Nos. 8:08-bk-18155-TA, 8:08-bk-18154-TA, 8:08-bk-17777-TA, 8:08-bk-18141-TA, 8:08-bk-18150-TA, 8:08-bk-18153-TA, 8:08-bk-18148-TA, 8:08-bk-18151-TA, 8:08-bk-18147-TA, 8:08-bk-17774-TA, and 8:08-bk-17773-TA.

accountants, nor do they have any connection with the Debtors' creditors or any other party-in-interest to these cases. Furthermore, the Firm does not have an interest adverse to the Debtors or their estates (11 U.S.C. § 327(e)) in any matters which the Firm may handle.

8. The Honorable Theodor C. Albert ("Judge Albert"), the bankruptcy judge assigned to these cases, was a partner of the Firm from August 1, 1995 to May 31, 2005. While Judge Albert was a partner in the Firm, the Firm from time to time would represent him in his capacity as a bankruptcy trustee. The Firm currently represents Judge Albert's first cousin (and his related company) in various matters that are unrelated either to Judge Albert or the Debtors' bankruptcy cases.

9. Except as described above, none of the professionals comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the U.S. Trustee, or to any person employed by the U.S. Trustee.

10. The Firm did not request a retainer in connection with these cases. In addition, the Firm has agreed to cap its legal fees and costs for the services described in paragraphs 4.a. and 4.b. above at $20,000.00. If additional services are provided in accordance with paragraph 4.c. are required, then additional fees and costs might be incurred. The Firm's billing rates for professionals anticipated to work on this engagement range between $405.00 - $450.00 per hour. These rates are reasonable compensation for the actual and necessary services that the Firm will render post-petition to the Debtors and are commensurate with market.[6]

11. Based on the relatively small fees and costs that will be charged by the Firm in these cases, and in an effort to minimize administrative expenses in these cases, the Debtors seek from the Court final approval, without the need to file a fee application, of the Firm's fees and costs. The Firm recognizes that any additional fees or costs in excess of $20,000.00 will require Court approval, and if applicable, the Firm will seek such approval pursuant to the Bankruptcy Code.

---

[6] On February 25, 2009, this Court entered an order granting the application of RSM BFS Debtors to employ the Firm as their general insolvency counsel at billing rates of between $190.00 - $540.00 per hour.

-13-

12. The Firm understands that, to the extent the Firm's compensation is not approved pursuant to this Application (i.e., without the need for filing a fee application), the Firm will apply to this Court for compensation and reimbursement for fees incurred and costs advanced in these cases, and that the proposed compensation arrangement will be subject to the provisions of 11 U.S.C. § 328, which authorizes this Court to allow compensation different from what is provided herein if the fee arrangement provided for herein appears, in retrospect, to have been improvident in light of developments unanticipated at the outset of these cases. The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount which is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtors such difference.

13. The Firm understands and agrees that, if aggregate interim payments made to the Firm exceed the amount which is ultimately allowed to the Firm, the Firm will be required to, and will, promptly repay to the Debtors such difference.

14. The Firm has not shared or agreed to share any compensation to be received by it in these cases with any other person, except as among members of the Firm.

15. Immediately below is a list of the professionals employed by the Firm who may be called upon to represent the Debtors, and their current hourly rates:

| Attorneys | Hourly Rates |
|---|---|
| Kraig Kilger | $ 450.00 |
| Krya E. Andrassy | $ 405.00 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___ day of September 2009 at Costa Mesa, California.

_____
Kraig C. Kilger

-14-

344289_1.DOC

## COMMENTS OF THE OFFICE OF UNITED STATES TRUSTEE

( ) THE UNITED STATES TRUSTEE TAKES NO POSITION.

( ) THE UNITED STATES TRUSTEE HAS NO OBJECTION.

( ) THE UNITED STATES TRUSTEE OBJECTS AND REQUESTS A HEARING.

( ) AN OBJECTION IS RAISED AS SET FORTH BELOW.

COMMENTS

DATED: _____, 2009.

OFFICE OF THE U.S. TRUSTEE

By: _____

Name: _____

| | |
|---|---|
| **CASE NAME:** | **StarRibs North, LP, and its related entities** |
| **CASE NO.** | 8:08-17182 TA |
| **TYPE OF DOCUMENT:** | **Debtor's Application for Authority to Employ Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP as their Special Real Estate Counsel** |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive., 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as **Debtor's Application for Authority to Employ Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP as their Special Real Estate Counsel** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 16, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 16, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Applicant: kkilger@wgllp.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 16, 2009 | Susan Connor | _(signed)_ |
|---|---|---|
| Date | Type Name | Signature |

-16-

MAINDOCS-#133132-v8-StarRibs_Employ_App_Weiland.DOC

NEF SERVICE LIST

- Andrew K Alper    aalper@frandzel.com, efiling@frandzel.com;ekidder@frandzel.com
- Adam N Barasch    anb@severson.com
- James C Bastian    jbastian@shbllp.com
- Bradley D Blakeley    bblakeley@bandblaw.com
- Jess R Bressi    jbressi@coxcastle.com
- William M. Burd    wmburd@burd-naylor.com
- Lawrence G Campitiello    campitiello@shlaw.com, cannone@shlaw.com
- Dan E Chambers    dchambers@jmbm.com
- Sara Chenetz    schenetz@sonnenschein.com
- Joseph Choate    jchoate@choatelaw.net, bcornell@choatelaw.net
- Ronald Clifford    msuydam@blakeleyllp.com
- Marc S Cohen    mcohen@kayescholer.com
- David J Cook    Cook@SqueezeBloodFromTurnip.com
- Jeffry A Davis    jadavis@mintz.com
- Joseph R Dunn    jrdunn@mintz.com, jadavis@mintz.com;dsjohnson@mintz.com
- Donald L Gaffney    dgaffney@swlaw.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- David Gould    dgould@davidgouldlaw.com
- Matthew Grimshaw    mgrimshaw@rutan.com
- Garrick A Hollander    jmartinez@winthropcouchot.com
- Garrick A Hollander    sconnor@winthropcouchot.com
- Mark D Houle    mark.houle@pillsburylaw.com
- Brian D Huben    brian.huben@kattenlaw.com, carole.levine@kattenlaw.com;donna.carolo@kattenlaw.com;laura.nefsky@kattenlaw.com
- Sheri Kanesaka    skanesaka@mrllp.com, jjacobs@mrllp.com;fbaig@mrllp.com;scasselberry@mrllp.com;fbaig@mrllp.com
- Robert B Kaplan    rbk@jmbm.com
- Scott L Keehn    scottk@keehnlaw.com, scottk@keehnlaw.com;cynthial@keehnlaw.com;lesliek@keehnlaw.com;lisak@keehnlaw.com;corrinen@keehnlaw.com
- Pamela Labruyere    pamela@sgsslaw.com
- Charles Liu    cliu@winthropcouchot.com
- Joe M Lozano    notice@NBSDefaultServices.com
- Daniel A McDaniel    damplc@pacbell.net
- Scott H McNutt    smcnutt@ml-sf.com
- Dennis D Miller    dmiller@steinlubin.com
- Jeffrey C Misley    jeffm@sussmanshank.com
- Tania M Moyron    tmm@lnbrb.com
- William Novotny    william.novotny@mwmf.com
- R G Pagter    gibson@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- Eric S Pezold    epezold@swlaw.com, dwlewis@swlaw.com
- Christopher E Prince    cprince@sonnenschein.com
- Martha E Romero    Romero@mromerolawfirm.com
- Timothy J Silverman    tim@sgsslaw.com
- Richard A Solomon    richard@sgsslaw.com
- Ellen Stern    leaselaw@msn.com
- Wayne R Terry    wterry@hemar-rousso.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop    pj@winthropcouchot.com